```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
EDA NADAL,                                                 :
                                                           :
                            Plaintiff,                     :
                                                           :         MEMORANDUM AND ORDER
            -against-                                      :         10-cv-2931 (DLI) (RML)
                                                           :
BJ'S WHOLESALE CLUB, INC.,                                 :
                                                           :
                            Defendant.                     :
                                                           :
---------------------------------------------------------- x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Eda Nadal ("Plaintiff") brought the instant action against defendant BJ's Wholesale Club, Inc. ("Defendant"), seeking to recover damages for negligence relating to Plaintiff's slip and fall in Defendant's store. Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

On April 9, 2010, at approximately 11:30 a.m., Plaintiff went shopping at Defendant's store in Queens, New York, with her niece's husband, Javier Perez. (Def.'s Statement of Facts Pursuant to R. 56.1, Dkt. Entry 23-2 ("Def.'s 56.1 Stmnt."), ¶ 14; Aff. in Supp., Dkt. Entry 24 ("Torino Aff."), Ex. I ("Nadal Dep.") 17-18.)[1] After shopping for approximately 30 minutes, Plaintiff and Perez walked down aisle 28 in the store. (Nadal Dep. 27.) Aisle 28 held soap,

---

[1] The court accepts as true Defendant's statement of facts pursuant to Local Civil Rule 56.1 because Plaintiff failed to file a response to Defendant's statement. *See* Local Civ. R. 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); *Gubitosi v. Kapica*, 154 F. 3d 30, 31 n.1 (2d Cir. 1998) (per curiam) (deeming admitted all material facts contained in an unopposed Rule 56.1 statement).

shaving products and lotions. (Torino Aff. Ex. H.) After looking at a few products and walking about halfway down the aisle, Plaintiff slipped and fell. (Def.'s 56.1 Stmnt. ¶ 18; Nadal Dep. 57-60.)

Plaintiff was helped up by Perez and Defendant's employee, Gilbert Bauzon. (*See* Nadal Aff., Dkt. Entry 25-4, ¶ 2; Torino Aff. Ex. O ("Bauzon Aff.") ¶ 14; Nadal Dep. 67.) When Plaintiff stood up, she saw for the first time that there were pieces of smashed banana on the floor that had caused her to slip. (Nadal Dep. 66-68.) The banana pieces were spread out in an approximately two-foot wide circle and the peel was a little farther away, closer to the side of the aisle. (Nadal Dep. 68-70.) Perez testified that the banana pieces were smashed and that it looked as though the wheels of a shopping cart had ran over the pieces. (Torino Aff. Ex. G at 21.) After Bauzon helped lift Plaintiff off of the floor, according to his testimony, he only saw one banana piece, which was smashed. (Torino Aff. Ex. K ("Bauzon Dep.") 28.) Bauzon estimated that the smashed banana covered an area that was about 18 inches wide. (*Id.* at 29.) Bauzon, who was a maintenance employee, then cleaned the smashed banana. (*Id.* at 31.)

At 11:00 a.m. or 11:15 a.m., before Plaintiff had fallen, Bauzon took a fifteen-minute break. (Bauzon Aff. ¶ 10.) Bauzon, who had been working in the back of the store, took his break at the food court in the front of the store. (*Id.*) At the end of his break, Bauzon walked past aisle 28 on his way to the back of the store. (*Id.* ¶ 11.) As he walked past, he looked down aisle 28 and did not see any "condition" that needed to be cleaned. (*Id.*)

The store's "loss prevention manager," Aileen Ortega, was responsible for preventing losses at the store due to theft and accidents. (*See* Torino Aff. Ex. M at 9.) There were approximately five other employees who worked in loss prevention. (*Id.* at 10.) Every day before the store opened at 9:00 a.m., Ortega and the loss prevention team would do a "safety

2

walk" around the store to look for anything unsafe, such as spills on the floor.  (*Id.* at 10-12.) Ortega and her team also would take safety walks around the store periodically throughout the day.  (*Id.* at 12.)  Ortega typically went on safety walks approximately once every one or two hours throughout the day.  (*Id.* at 12-13.)  If a member of the loss prevention team saw a spill, s/he would stay with the spill until a maintenance worker could clean it.  (*Id.*)  Ortega did not remember the last time she had walked down aisle 28 prior to Plaintiff's fall.  (*Id.* at 33.)

Plaintiff brought this instant action for damages arising out of her fall, alleging that Defendant was negligent in allowing an unsafe condition in its store.  (*See* Notice of Removal, Dkt. Entry 1, Ex. A.)   Defendant moved for summary judgment, asserting that there was no genuine issue of material fact that Defendant either created the unsafe condition or had actual or constructive notice of the condition.  (*See* Def.'s Mem. of Law in Supp. of its Mot. for Summ. J., Dkt. Entry 25-3 ("Def.'s Mem.").)  Plaintiff opposed, contending that there was a factual issue as to whether Defendant had actual or constructive notice of the banana on the floor of aisle 28 before Plaintiff slipped and fell.  (*See* Pl.'s Mem. of Law in Opp'n to Mot. for Summ. J., Dkt. Entry 26-2 ("Pl.'s Opp'n").)

## **LEGAL STANDARD**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Id*.  A

genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party, however, may not rely on "[c]onclusory allegations, conjecture, and speculation." *Kerzer v. Kingly Mfg.,* 156 F. 3d 396, 400 (2d Cir. 1998). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F. 3d 1219, 1224 (2d Cir. 1994) (citing *Dister v. Cont'l Grp., Inc.*, 859 F. 2d 1108, 1114 (2d Cir. 1988)).

## DISCUSSION

Defendant asserts that it did not breach any duty because there is no evidence that it caused the banana to be left on the floor or that it had constructive or actual notice that a banana was left on aisle 28, particularly in light of Bauzon's testimony that he walked past aisle 28 before Plaintiff fell and did not notice anything on the floor and testimony that Ortega and the loss prevention team went on regular safety walks. (*See* Def.'s Mem. 8-16.) Plaintiff counters that a reasonable jury could infer from circumstantial evidence that Defendant had actual or constructive knowledge of the banana. (*See* Pl.'s Opp'n 6-11.) In particular, Plaintiff contends that there is no evidence as to when an employee of Defendant last walked down aisle 28 before Plaintiff fell and testimony that the banana was smeared, looked like it had been run over by a shopping cart and was dirty indicates that it had been there for a while. (*See id.* at 1.)

Under New York law,[2] "[t]o sustain a claim for negligence, a plaintiff must show that the defendant owed the plaintiff a cognizable duty of care, that the defendant breached that duty, and that the plaintiff suffered damages as a proximate result of that breach." *King v. Crossland Sav.*

---

[2] The parties do not dispute that New York law governs this action.

4

*Bank*, 111 F. 3d 251, 259 (2d Cir. 1997). More specifically, a property owner who opens up its facilities to the public "has a 'nondelegable duty to provide the public with a reasonably safe premises. . . .'" *DeAngelis v. American Airlines, Inc.*, 2010 WL 1292349, at *6 (E.D.N.Y. Mar. 31, 2010) (quoting *Backiel v. Citibank, N.A.*, 299 A.D.2d 504, 505 (2d Dep't 2002)).

Where, as here, there is no evidence that a landowner created the dangerous condition, the landowner "is liable for negligence when a condition on his land causes injury only when the landowner had actual or constructive notice of the condition." *Taylor v. United States*, 121 F. 3d 86, 89-90 (2d Cir. 1997). Plaintiff does not point to any evidence, and the court cannot find any, that Defendant had actual notice that there was a banana on the floor of aisle 28 before Plaintiff fell. Thus, Plaintiff must show that Defendant had constructive notice that the banana was on the floor. The New York State Court of Appeals has instructed that "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon v. Am. Museum of Natural History*, 67 N.Y.2d 836, 837 (1986).

Here, a reasonable jury could conclude that the banana was both visible and was on the ground for a sufficient length of time prior to Plaintiff's fall for Defendant to have discovered and cleaned it. Deposition testimony indicates that the banana covered an area between 18 inches and two feet wide in the middle of aisle 28 and, therefore, was visible. (*See* Nadal Dep. 68-70; Bauzon Dep. 29.) Moreover, while there is no conclusive evidence of how and when the banana fell to the floor, there is some evidence that the banana was on the floor for a long enough time to be discovered by Defendant. For example, construed in the light most favorable to Plaintiff, the deposition testimony suggests that the banana was smashed and dirty. (Bauzon Dep. 30; Nadal Dep. 66-68.) While a reasonable jury could conclude that the banana was

5

smashed and dirty because Plaintiff stepped on it, it could also infer that this testimony shows the banana was on the ground for some time before the fall. *See Negri v Stop & Shop*, 65 N.Y.2d 625, 626 (1985) (broken and dirty baby food jars evidence of constructive notice); *Galarza v Walgreen E. Co.*, 236 A.D.2d 265, 265 (1st Dep't 1997) (reasonable jury could infer constructive notice from evidence that "the 'whole' aisle in which [plaintiff] fell was covered with, among other things, wet and dry green liquid and foot marks indicating that the liquid had been 'stepped on'"); *Salaam v City of New York*, 226 A.D.2d 173, 173 (1st Dep't 1996) ("Legally sufficient evidence of defendants' constructive notice of a dangerous condition was provided by the uncontroverted testimony at trial that the puddle in which plaintiffs slipped was 2 1/2 feet by 2 1/2 feet and was dirty with numerous footprints, both wet and dry, leading out of it in all directions."); *cf. Gordon*, 67 N.Y.2d at 838 (no evidence of constructive notice of paper on ground where witnesses did not "describe the paper as being dirty or worn, which would have provided some indication that it had been present for some period of time").

Moreover, the evidence presented by Defendant that aisle 28 was inspected prior to Plaintiff's fall does not prevent a reasonable jury from finding constructive notice. Bauzon stated that he looked down aisle 28 after a fifteen-minute break that began at 11:00 or 11:15 a.m. (Bauzon Aff. ¶ 10.) Plaintiff's testimony reflects that she fell at around noon, leaving at least 30 to 45 minutes between when Bauzon looked at the aisle and Plaintiff's fall. (*See* Nadal Dep. 17-18, 27; Def.'s 56.1 Stmnt. ¶ 18.) Thus, assuming Bauzon's testimony establishes that aisle 28 was clean when he walked by it, there was still ample time for the banana to lie on the floor between Bauzon's walk-by and Plaintiff's fall. *See Negri*, 65 N.Y.2d at 626 (factual issue of constructive notice where "the aisle had not been cleaned or inspected for at least 50 minutes prior to the accident."). Additionally, Bauzon stated only that he walked by aisle 28 and looked

down it on his way to the back of the store. (Bauzon Aff. ¶ 11.) A reasonable juror could find that this was not a reliable inspection, particularly in light of Plaintiff's testimony that the banana was halfway down the aisle and the pictures submitted showing that aisle 28 was fairly long. (*See* Nadal Dep. 58; Torino Aff. Ex. H.)

Similarly, while Ortega testified that she and her team typically inspected the store before it opened at 9:00 a.m. and periodically throughout the day, there is nothing on the record showing when she or her team did their "safety walks" the day of Plaintiff's fall. Thus, her testimony is insufficient to establish as a matter of law that Defendant did not have constructive notice of the offending banana. *See Birnbaum v. N.Y. Racing Ass'n, Inc.*, 57 A.D.3d 598, 598 (2d Dep't 2008) (Reversing grant of summary judgment where "testimony of the defendant's assistant cleaning manager merely referred to the subject racetrack's general daily cleaning practices. The assistant cleaning manager tendered no evidence regarding any particularized or specific inspection or stair-cleaning procedure in the area of the plaintiff's fall on the date of the accident.").

Accordingly, there are genuine issues of material fact as to whether the banana was on the floor and visible for a sufficient period of time for Defendant to have been able to see and clean it.

## **CONCLUSION**

After viewing the facts in the light most favorable to Plaintiff, there remain questions of fact as to whether Defendant was on constructive notice that the banana was on the floor in aisle 28 before Plaintiff fell.  Accordingly, Defendant's motion for summary judgment is denied in its entirety.


SO ORDERED.

Dated:  Brooklyn, New York
        September 19, 2012


                                                            _____/s/_____
                                                                DORA L. IRIZARRY
                                                             United States District Judge